# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM ALLEN LARUE,**

**Plaintiff,**

v.  Civil Action No. 2:04cv26

**WILLIAM S. HAINES, Warden,**

**Defendant.**

## REPORT AND RECOMMENDATION

### I. FACTS

On March 26, 2004, the *pro se* plaintiff, William Allen LaRue, an inmate at the Huttonsville Correctional Center ["HCC"], filed a complaint pursuant to 42 U.S.C. §1983 against William S. Haines, the warden at HCC. The plaintiff alleges that the Circuit Court of Monongalia County denied his request for trial transcripts and that the victim set him up. According to the plaintiff, the denial of transcripts is a "constitutional deprivation of [his] right to have appellate review of [his] trial court conviction," and "violated [his] constitutional and statutory responsibilities to [his] habeas corpus petition." He requests that he "be vindicated of [his] sentence and released from custody and from the requirements of W.Va. Code §15-12-2, and be awarded money for mental, and emotional damage between the amount of $800,000.00 and $80,000.00 from the state of W.Va. upon [his] release."

Having screened the plaintiff's complaint in accord with the local rules of this Court and in

accord with the provisions of 28 U.S.C.§§ 1915(e)(2) and 1915A,[1] the undersigned concludes that the complaint should be dismissed for being frivolous.

## II. ANALYSIS

It appears to the undersigned that the plaintiff seeks to challenge his state conviction and requests monetary damages for emotional distress. When a convicted defendant seeks release from jail his "sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Further, a convicted criminal defendant cannot bring a § 1983 action for either monetary or injunctive relief that would "necessarily imply the invalidity of his conviction or sentence" unless he proves that his "conviction or sentence has already been invalidated." Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002)(quoting Heck v. Humphrey, 512 U.S. 477 at 486-87 (1994)). "[Section] 1983 exists for the more limited purpose of redressing violations of the Constitution and federal statutes." Harvey at 376.

The undersigned concludes that the plaintiff has not brought a proper §1983 action because

---

[1] 28 U.S.C. §1915(e)(2)(B) states:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
    (B) the action or appeal-
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §1915A which provides, in pertinent part, that:
(a) Screening.–The court shall review...a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

he seeks to have his conviction and sentence vacated. Any complaint the plaintiff has regarding his conviction and length of sentence must be addressed in a motion filed pursuant to 28 U.S.C. §2254 subject to exhaustion of state judicial remedies. Id.; Alexander v. Johnson, 742 F.2d 117 (1984).

Even if the complaint could be construed as raising a valid §1983 claim, the complaint should still be dismissed because the plaintiff has alleged no wrongdoing against Defendant Haines. Because there are no allegations of any wrongdoing on the part of Defendant Haines, the plaintiff's complaint is both frivolous and fails to state a claim on which relief can be granted. See Cochran v. Morris, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of in forma pauperis claims encompasses complaints that are either legally or factually baseless); Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants).

Lastly, the plaintiff is seeking damages for mental and emotional damage. Pursuant to 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Thus, this complaint is barred under 42 U.S.C. §1997e(e). See Orum v. Haines, 68 F. Supp. 2d 726 (N.D. W.Va. 1999).

## III. RECOMMENDATION

Based on the foregoing, the undersigned recommends the complaint against the defendant be dismissed under 28 U.S.C. §§1915 and 1915A for failure to state a claim and for being frivolous.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to all parties appearing herein.

Dated: January 24, 2005

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE